# United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | **CASE NO.** | 08-B-73038 |
|---|---|---|---|
| **DATE** | August 18, 2010 | **ADVERSARY NO.** | 09-A-96020 |
| **CASE TITLE** | James N. Grossmayer and Desiree Grossmayer, Debtors<br><br>Megan G. Heeg, as Trustee, Plaintiff<br><br>v.<br><br>James N. Grossmayer and Desiree Grossmayer, Defendants. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Plaintiff's motion for summary judgment is GRANTED.

■[ For further details see text below.]

## Memorandum Opinion

### A. Procedural Background

This matter is before the Court on a motion for summary judgment brought by the Plaintiff. The adversary proceeding is an action by the Trustee objecting to discharge under Sections 727(a)(2) and (a)(4). The Debtors filed a petition for protection under Chapter 7 of the Bankruptcy Code with the Court on September 19, 2008.

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). In determining whether the movant has met its burden, the Court should consider all reasonable inferences in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986).

Local Rule 7056-1 requires a party bringing a motion for summary judgment to submit a statement of facts supporting the motion, and Local Rule 7056-2 requires the party opposing the motion for summary judgment to submit a concise response to the movant's statement of facts. The Plaintiff has submitted a statement of facts and the Defendants filed a response in which they do not contest the statements in any of the paragraphs of the Plaintiff's statement of material facts. Therefore, in accordance with Local Rule 7056-2(B), all material facts set forth in the Plaintiff's statement of facts are deemed to be admitted.

B. Discussion

1. Section 727(a)(2)

Section 727(a)(2) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge, unless the debtor, "with intent to hinder, delay, or defraud a creditor or [the trustee] … has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed—(A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. §727(a)(2). Actual intent to hinder, delay, or defraud a creditor is required. Neary v. Mosher (In re Mosher), 417 B.R. 772, 784 (Bankr. N.D. Ill. 2009). However, intent may be proved by circumstantial evidence or by inferences drawn by the debtor's course of conduct. Id. The Seventh Circuit Court of Appeals has noted that "a concealment or transfer under § 727(a)(2) may occur even if no creditors are harmed by it," as "[p]roof of harm is not a required element of a cause of action under Section 727." Peterson v. Scott (In re Scott), 172 F.3d 959, 968 (7th Cir. 1999) (internal citation omitted).

The Defendants admit that they transferred various items of jewelry to their daughter, Estea L. Grossmayer, at the end of March 2008, which was less than one year before the filing of the bankruptcy petition (Pl.'s Statement of Uncontested Material Facts ¶66) [hereinafter Pl.'s St. Facts]. The jewelry included a gold ring worth around $6,000, a diamond necklace worth around $350, a tennis bracelet and various other jewelry. Id. The Defendants received no consideration for their transfer to their daughter. Id. at ¶67. Moreover, the Defendants admit in an affidavit attached to their opposition to summary judgment that they gave the jewelry to their daughter because "Desiree's mother, Esther Gunderson, said to her many times she would sue her for everything she had" (James Grossmayer Aff. ¶3). Desiree's mother was a creditor of the Defendants based on her claim for a 51% ownership interest in the Defendants' plumbing corporation, and had threatened to sue the Defendants (2004 Exam. of James Grossmeyer 34-36, May 19, 2009). As such, the Defendants have admitted that they gave the jewelry to her daughter to keep it away from a creditor. Therefore, based on facts admitted or deemed admitted by the Defendants, the Plaintiff has shown that there was a transfer of property of the debtor,

within one year before the date of the filing of the petition, with actual intent to hinder, delay, or defraud a creditor of the estate as required for a denial of discharge under 11 U.S.C. §727(a)(2).

The Defendants also transferred a boat and trailer to the Defendants' daughter prepetition. However, unlike for the transfer of jewelry, the Defendants have not admitted the transfer of the boat and trailer was "with intent to hinder, delay, or defraud." Instead, the Defendants claim that the boat and trailer were a gift to their daughter because they had helped their son pay for college and had not done the same for their daughter (James Grossmayer Aff. ¶2). Therefore, there is a material issue of fact as to the Defendants' intent. Similarly, the Defendants used proceeds of an annuity to repay a $10,000 debt to Mrs. Grossmayer's father and $6,600 to pay a deposit for their daughter's wedding reception post-petition (Pl.'s St. Facts ¶41), but have not admitted that they made such transfers with an intent to hinder, delay or defraud creditors or the officers of the estate. Instead, the Defendants claim that they did not realize that the proceeds of the annuity were property of the estate. They claim that the annuity would have qualified for a state law exemption which they inadvertently failed to claim in their original schedules.

### 2. Section 727(a)(4)

Section 727(a)(4) provides that the Court shall grant the debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account...." 11 U.S.C. §727(a)(4). The purpose of § 727(a)(4) is to "enforce the debtor's duty of disclosure and to ensure that the debtors provide reliable information to those who have an interest in the administration of the estate." In re Mosher, 417 B.R. at 781 (internal citations omitted). For purposes of § 727(a)(4), "a debtor's petition and schedules, statement of financial affairs, statements made at a § 341 meeting and testimony at a Rule 2004 examination all constitute statements that are made under oath." Id. Filing of false schedules with material omissions or representations with an intent to mislead creditors as to the debtor's financial condition constitutes a false oath under § 727(a)(4). Id. It is the debtor's duty to accurately and completely list all ownership interests he or she holds in property, and it is not for the debtor "to decide which assets are to be disclosed to creditors." Id.

The Defendants failed to disclose several assets on their original schedules and Statement of Financial Affairs, including (1) the existence of an annuity; (2) the existence of a Honda motorcycle; (3) the existence of a truck; and (4) the existence of a corporate entity through which Mr. Grossmayer did business as a plumber. However, the Defendants have not admitted that they made such omissions "knowingly and fraudulently." Instead, the Defendants claim that the omissions were unintentional or were not material omissions. The Defendants claim that they did not read their paperwork "closely enough" (James Grossmayer Aff. ¶4). Therefore, they claim the omission of the annuity was inadvertent. Id. They claim that the failure to list the motorcycle as an asset was not material because the debt to American Honda was listed on Schedule D and was subsequently included on amended schedules filed September 18, 2009 (James Grossmayer Aff. ¶5). The Defendants claim that they did not list the truck because it was not directly owned by them. Rather, they claim it was owned by a business in which the Defendants had an interest (Pl.'s St. Facts ¶55). Although the Defendants failed to schedule their interest in the company, Grossmayer Plumbing, Inc., they claim they did so under the belief that their interest had a value of $0.00, as was subsequently disclosed on their amended

schedules (Pl.s' St. Facts ¶23). Therefore, there is a genuine issue of material fact as to the Defendants' intent when they omitted the assets from their schedules.

**Conclusion**

Because there exists a "genuine issue of material fact" as to the Defendants' intent when they failed to disclose assets, summary judgment would not be appropriate for the Plaintiff's claim under Section 727(a)(4). However, because there is no issue of material fact that the Defendants transferred property of the debtor within one year before the date of the filing of their petition with actual intent to hinder, delay, or defraud a creditor, the Plaintiff's motion for summary judgment on the claim under Section 727(a)(2) shall be GRANTED.

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

August 18, 2010

Judge Manuel Barbosa